UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

JOHN DOE                              )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )     Civil Action No. 7:18CV16
                                      )
VIRGINIA POLYTECHNIC INSTITUTE        )
AND STATE UNIVERSITY,                 )
                                      )
        Defendant.                    )

## COMPLAINT

### Introduction

1. John Doe[1], by counsel, files this action for declaratory and injunctive relief to vindicate Plaintiff's rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

2. This case arises out of a constitutionally flawed process that resulted in a decision by the Virginia Polytechnic Institute and State University (hereafter "Virginia Tech") to give Mr. Doe – a pre-med student with an exemplary academic record - a failing "F" grade for allegedly cheating during an exam. A fellow student accused Mr. Doe of cheating and brought their accusation to the attention of the exam proctor. But in the hearing that followed, Virginia Tech refused to identify the student-accuser and denied Mr. Doe an opportunity to question him or her. Instead, Virginia Tech sanctioned Mr. Doe upon the hearsay testimony of the proctor.

---

[1] "John Doe" is not Plaintiff's real name. He is proceeding under a pseudonym for his privacy. Defendant will not be prejudiced by permitting him to proceed anonymously because it has knowledge of the actual identity of John Doe.

1

3. As a result of Virginia Tech's refusal to allow Mr. Doe to confront his accuser, and grant a fair hearing, Mr. Doe was denied a right to due process and deprived of his property interest in the tuition he paid for his class credits. He now faces a permanent blemish on his academic record, which will jeopardize his ability to compete for admission into medical school. This suit now follows requesting that the Court enter an order for declaratory and injunctive relief setting aside the honor hearing result as violative of the United States Constitution.

## Parties

4. Plaintiff John Doe is a United States citizen who resides and is domiciled in the Commonwealth of Virginia.

5. Defendant Virginia Tech is an institution of higher education located in the city of Blacksburg, Virginia, and is part of the statewide system of public higher education operated by the Commonwealth of Virginia. All of the actions of its officials described herein took place under color of state authority.

## Jurisdiction and Venue

6. This action arises under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 2201, 2202, 1331 and 1343.

7. Venue is proper pursuant to 28 U.S.C. § 1391. Virginia Tech is a public university created under the Virginia Code, incorporated and with its principal place of business in this district. The errors and omissions giving rise to Plaintiff's claims took place in this district.

## Facts

8. Mr. Doe is a senior at Virginia Tech majoring in Human, Nutrition, Foods, and Exercise, with a career Grade Point Average (GPA) of 3.6/4.0.

9. Mr. Doe plans to attend medical school upon graduation and works as a medical scribe in the emergency department of a local hospital system.

10. In Fall 2016, Mr. Doe paid tuition to Virginia Tech to enroll in a three-credit course, Epidemiologic Concepts of Health and Disease, Course HNFE 3634.

11. The course was taught by Dr. Pamela Ray, a part-time instructional staff-member at Virginia Tech.

12. Mr. Doe did well in the class during the semester, earning a passing grade on his mid-term examination.

13. The final examination was scheduled for December 13, 2016, at a lecture hall on Virginia Tech's campus.

14. During the exam, Mr. Doe was completing his answer sheet when Dr. Ray approached him and said, "A student behind you said it appeared you were sharing answers, so I will have to take these. You will be contacted by honor court in the next few days."

15. Dr. Ray collected Mr. Doe's answer sheet and returned to the front of the room.

16. After the exam concluded, Mr. Doe spoke with Dr. Ray at the front of the lecture hall. Mr. Doe said he was disappointed because he had studied so hard

3

for the exam. He denied cheating. Dr. Ray said, "I have no assumption of guilt or innocence," and that she had to take the exams based on the student's accusation.

17. Dr. Ray never stated that she witnessed cheating herself; rather, she said that another student reported cheating, and she felt it was her responsibility to relay the accusation to the university for an investigation.

18. Dr. Ray emailed the Office of Undergraduate Academic Integrity at Virginia Tech to report the alleged honor violation. In her email she repeated her statements of "I have no assumption of guilt or innocence" and that she waited "a few moments" before collecting the exam.

19. Dr. Ray also stated that there were more than 120 students in the class and she did not know everyone's names.

20. Dr. Ray allowed Mr. Doe and the other accused student to review and complete their exams the following day, December 14, 2016. This is because it is against the Office of Academic Integrity's policy to collect the exams before the students have a chance to finish them.

21. On February 24, 2017, Mr. Doe appeared before an honor panel convened by Virginia Tech to adjudicate violations of its policy on cheating.

22. The honor panel acted under the color of state authority to adjudicate matters affecting Mr. Doe's pursuit of public higher adjudication at Virginia Tech.

23. The Honor Panel actions are governed by the Undergraduate Honor Code Policy and Manual which does not include rights and responsibilities for the

4

accused and accuser nor does it state that the accused in "innocent until proven guilty".

24. Mr. Doe denied sharing answers on the exam or cheating in any way. He presented a written statement from a student who sat nearby and vouched for the fact that Mr. Doe was not sharing answers or looking on anyone's scantron during the exam.

25. The honor panel also heard from Dr. Ray.

26. She explained that it was another student (the accuser) who made the complaint to her.

27. Dr. Ray stated before the Honor Panel that she waited "a few minutes", instead of her initial "few moments," as stated in her letter, observed the cheating, and then confiscated the exams.

28. Another student present in the exam on December 13, 2016, stated that they saw Dr. Ray immediately collect the exam after the accuser talked with her and did not wait "a few minutes" as she claimed above. A statement from the student was presented at the panel, but not considered.

29. A character reference from a professor of Mr. Doe was also included, but not considered by the panel.

30. Notably, the accuser was not present for the honor panel. The accuser's identity was never disclosed. Mr. Doe was never provided with an opportunity to question him or her. To date, he has yet to have any way to test the veracity of this unknown, anonymous accuser.

31. At the conclusion of the hearing, the panel found against Mr. Doe.

32. Mr. Doe's appeal to the Dean of Student Affairs was denied.

33. The Honor System Office stated that they attempted to contact the accuser but the student would not respond to their requests. Without the accuser's statement, there was no additional evidence to review and therefore the appeal was denied.

34. Mr. Doe was told that he had no further options and he received a grade of "F*", recommended by Dr. Ray, on the class with the option to remove the "*" after completing certain requirements assigned to him by the panel which incurred additional expense to Mr. Doe in time and money.

35. Mr. Doe completed the requirements to remove the "*".

36. Mr. Doe forfeited the credits he purchased for Epidemiologic Concepts of Health and Disease, Course HNFE 3634, as a result of the honor panel decision. Furthermore, the consequences of an "F" on Mr. Doe's student transcript will be devastating for his plans to enter the field of medicine.

37. A small percentage of undergraduates are granted admission to medical schools each year. The application process is demanding and every grade counts when competing for limited seats.

38. Until this case arose, Mr. Doe had enjoyed an outstanding academic record and was poised to be a competitive applicant. Now, with an "F" on his transcript, Mr. Doe's professional and academic goals are severely curtailed.

## COUNT I – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983

39. Mr. Doe realleges the foregoing paragraphs.

40. Mr. Doe has a constitutionally protected property interest in his continued education at Virginia Tech, and the credits he purchased for Course HNFE 3634, including the various educational and training programs it supports.

41. Plaintiff also has a constitutionally protected liberty interest in his good name, reputation and integrity.

42. The due process provisions of the Fourteenth Amendment to the United States Constitution apply to the disciplinary process used by Virginia Tech against Mr. Doe.

43. Mr. Doe was entitled to process commensurate with the seriousness of the charge of cheating and the potential discipline and sanctions he faced. The allegation of cheating was very serious and resulted in harsh sanctions, as well as the prospect of a lifelong stigma that will foreclose future educational and employment opportunities.

44. Mr. Doe was entitled to fundamentally fair procedures to determine whether he was responsible for the alleged cheating, and Virginia Tech failed to provide adequate due process when it neglected to identify Mr. Doe's accuser or provide him with an opportunity to confront and question his accuser.

45. As a result of the due process violations herein, Mr. Doe was wrongly disciplined and suffers ongoing harm to his good name and educational progress.

# DEMAND FOR JUDGMENT

WHEREFORE, Mr. Doe requests the Court award the following relief, and enter a judgment against Virginia Tech:

a. A declaratory judgment that Virginia Tech violated Mr. Doe's rights to due process;

b. A permanent injunction requiring Virginia Tech, all other officers, employees, or agents of Virginia, and all other persons in active concert or participation with them, to: (i) remove the "F*" grade from Mr. Doe's academic transcript in Course HNFE 3634 and allow Mr. Doe to retake the course at no extra cost; (ii) expunge Mr. Doe's records at Virginia Tech of any indication of a finding that he committed an act of cheating or was the subject of discipline in Course HNFE 3634;

c. A permanent injunction enjoining Virginia Tech, all other officers, employees, or agents of Virginia, and all other persons in active concert or participation with them, from: (i) continuing to enforce any sanction against Mr. Doe for alleged cheating in Course HNFE 3634; (ii) making any notation in Mr. Doe's educational or disciplinary records related to the incidents described in this Complaint; and, (iii) making any disclosure to a third party that any adverse disciplinary action was taken against Mr. Doe arising out of the incidents described in this Complaint;

d. An award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1920, and any other appropriate authority; and

e. Any other further relief as the Court deems just and appropriate.

January 11th, 2018

Respectfully submitted,

JOHN DOE

By: _____
Of Counsel

Robert E. Dean, Esq. (VSB No. 80288)
ROB DEAN LAW
401 Campbell Ave., Ste. 302
Roanoke, Virginia 24016
Phone: (540) 585-1776
Fax: (540) 301-0833
Email: rob@robdeanlaw.com

*Counsel for Plaintiff*

9