# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 7:18-cv-00016 |
| v. | ) |
| | ) By: Hon. Robert S. Ballou |
| VIRGINIA POLYTECHNIC INSTITUTE | ) United States Magistrate Judge |
| AND STATE UNIVERSITY, | ) |
| | ) |
|     Defendant. | ) |

## **MEMORANDUM OPINION**[1]

In this civil rights action under 42 U.S.C. § 1983, the plaintiff has moved for leave to proceed under the pseudonym "John Doe." I heard oral argument on the motion on March 13, 2017. I conclude that the plaintiff's interest in remaining anonymous does not outweigh the presumption of openness in judicial proceedings. Accordingly, I deny the plaintiff's motion.

## I. BACKGROUND

The plaintiff is a senior at Virginia Polytechnic Institute and State University ("Virginia Tech"), who hopes to attend medical school. In the fall of 2016, the plaintiff enrolled in an epidemiology course taught by Dr. Pamela Ray. Dr. Ray approached the plaintiff during the final examination and informed him that another student had accused him of cheating. Dr. Ray then collected the plaintiff's answer sheet and advised him that he would be contacted by the university's honor court.

The plaintiff appeared before an honor panel on February 24, 2017. After hearing from the plaintiff and Dr. Ray, the panel found against the plaintiff. As a result, he received an "F" in

---
[1] This case is before me by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

the course. During the disciplinary proceedings, the plaintiff never learned the identity of the student who had accused him of cheating.

The plaintiff filed this action on January 15, 2018 claiming that Virginia Tech violated his Fourteenth Amendment right to due process "when it neglected to identify [the plaintiff's] accuser or provide him with an opportunity to confront and question his accuser." Compl. ¶ 44, Dkt. No. 1. The plaintiff further asserts that he was wrongly disciplined as a result of the alleged constitutional violations, and that he "suffers ongoing harm to his good name and educational progress." Id. at ¶ 45.

The plaintiff filed his complaint under the pseudonym "John Doe," but did not seek permission to proceed under a pseudonym. Virginia Tech moved to dismiss the complaint under Rule 10(a) of the Federal Rules of Civil Procedure. In response, the plaintiff seeks leave to proceed under a pseudonym.

## II. ANALYSIS

Federal Rule of Civil Procedure 10(a) requires that a complaint "name all the parties." Fed. R. Civ. P. 10(a). "'This rule embodies the presumption, firmly rooted in American law, of openness in judicial proceedings,' which dates back to the English common law and finds support in First Amendment protections of freedom of speech and press." Candidate #452207 v. CFA Inst., 42 F. Supp. 3d 804, 806 (E.D. 2012) (quoting Doe v. Merten, 219 F.R.D. 387, 390 (E.D. Va. 2004)). "Pseudonymous litigation undermines the public's right of access to judicial proceedings. The public has an interest in knowing the names of the litigants, and disclosing the parties' identities furthers openness of judicial proceedings." Co. Doe v. Pub. Citizen, 749 F.3d 246, 273 (4th Cir. 2014) (citations omitted).

The presumption of openness is not absolute. See id. The Fourth Circuit "has recognized that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." Id. (citing James v. Jacobson, 6 F.3d 233, 238 (4th Cir. 1993)). In Jacobson, the Fourth Circuit identified five nonexclusive factors for courts to consider when determining whether to allow a party to proceed anonymously:

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Jacobson, 6 F.3d at 238. Proceeding under a pseudonym, however, is a "rare dispensation." Id.; see also Pub. Citizen, 749 F.3d at 274 (holding that "when a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party").

Applying the Jacobson factors, I conclude that this case does not present the type of extraordinary circumstances in which the moving party's stated interest in anonymity outweighs the presumption of openness in judicial proceedings. First, the plaintiff argues that his identity must be concealed to protect him from the "lasting stigma [associated with] having been found guilty of cheating" and the adverse effects that such allegation would have on his ability to compete for admission into medical school. Pl.'s Br. 6, Dkt. No. 4. Such concerns, while

3

understandable, do not involve "the type of 'personal information of the utmost intimacy' that warrants abandoning the presumption of openness in judicial proceedings."[2] Merten, 219 F.R.D. at 392. Indeed, federal courts presented with similar facts have consistently reached the same conclusion. See CFA Inst., 42 F. Supp. 3d at 808 (holding that an "interest in avoiding embarrassment, criticism, and reputational harm [incident to an allegation of cheating] are not privacy interests in a matter of an especially sensitive or highly personal nature and, otherwise, are not sufficient to overcome the public interest in the openness" of a civil proceeding); Doe v. Brown Univ., 209 F. Supp. 3d 460, 466 n. 2 (D.R.I. 2016) (finding that the need for transparency in the public court proceeding outweighed the plaintiff's desire for anonymity in a case involving allegations of academic dishonesty); Doe v. Univ. of Akron, No. 5:15-cv-2309, 2016 U.S. Dist. LEXIS 192433, at *9–11 (N.D. Ohio Feb. 3, 2016) (concluding that a law student's concerns regarding the stigma associated with allegations of plagiarism and the effects that it may have on future career opportunities did not justify permitting the plaintiff to proceed pseudonymously, and emphasizing that "similar cases across the country are routinely litigated by law students in their own name"). Accordingly, the first Jacobson factor weighs against permitting the plaintiff to proceed under a pseudonym.

The second factor considers whether identification poses a risk of retaliatory physical or mental harm to the plaintiff or innocent non-parties. The plaintiff does not argue this factor, and no evidence has been offered that identifying the plaintiff or any other students by their actual

---

[2] As discussed during the hearing, "the types of personal intimate information justifying anonymity for litigating parties have typically involved such intimate personal matters as birth control, abortion, homosexuality, or welfare rights of illegitimate children or abandoned families." Merten, 218 F.R.D. at 392. In the academic setting, courts have found that allegations of sexual misconduct by students are sufficiently sensitive and personal to satisfy this factor. See, e.g., Doe v. Alger, 317 F.R.D. 37, 40 (W.D. Va. 2016); Doe v. Rector & Visitors of George Mason Univ., 179 F. Supp. 3d 583, 595 (E.D. Va. 2016).

4

names presents any risk of retaliatory physical or mental harm. Thus, the second Jacobson factor weighs against permitting the plaintiff to proceed under a pseudonym.

The third Jacobson factor requires the court to consider the ages of the persons whose privacy interests are sought to be protected. During oral argument, plaintiff's counsel indicated that the plaintiff is 21 years old and therefore an adult. The same is likely true for any other student who may have accused the plaintiff of cheating. The record does not conclusively establish that either the plaintiff or any witness in this action "need[s] the special protections typically reserved for children." Merten, 219 F.R.D. at 393. Some courts have recognized that college students who have reached the age of majority "may still possess the immaturity of adolescence." Yacovelli v. Moeser, No. 1:02-cv-596, 2004 U.S. Dist. LEXIS 9152, at * 25 (M.D.N.C. May 20, 2004). Even assuming this to be the case, I believe that the third factor is at best neutral and "does not strongly favor either party." Id.

The fourth Jacobson factor examines whether the defendant is a governmental or private entity. Because Virginia Tech is a state-supported university, the plaintiff maintains that this factor weighs in favor of permitting him to proceed anonymously. I disagree. "To be sure, courts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid." Merten, 219 F.R.D. at 394. The rationale for this distinction is that actions against the government do not harm its reputation, whereas actions against private parties may injure their reputations and cause economic harm. Id. On the other hand, "[t]he reverse is not necessarily true." Doe v. Pittsylvania Cty., 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). "The simple fact that plaintiff sues a governmental entity does not give the court more reason to grant [a] request for anonymity." Id. To the contrary, courts have

5

recognized that the public's interest is "heightened" when defendants are public officials or government bodies.  Doe v. Megless, 654 F.3d 404, 411 (3d Cir. 2011) (citation and internal quotation marks omitted); see also Pub. Citizen, 749 F.3d at 274 (observing that the public interest in the underlying litigation was "especially compelling" given that the plaintiff "sued a federal agency").  Others have observed that granting this factor dispositive weight "would lead, inappropriately, to granting anonymity to any plaintiff suing the government to challenge a law or regulation."  Merten, 219 F.R.D. at 394.  Here, I believe that this factor is, at best, neutral and does not weigh in favor of permitting the plaintiff to proceed under a pseudonym.

The fifth Jacobson factor considers the risk of unfairness to the defendant from allowing the action against it to proceed anonymously.  The plaintiff argues that Virginia Tech "will not be hampered in any way in proceeding anonymously" because the university is fully aware of his identity.  Pl.'s Br. 5.  Virginia Tech does not suggest that it would be prejudiced in its defense of the case if the plaintiff were allowed to litigate under a pseudonym.  Instead, the university contends that this factor weighs in its favor "for policy reasons."  Def.'s Br. 4, Dkt. No. 12.  In particular, Virginia Tech argues that permitting the plaintiff to proceed anonymously would result in this court becoming "the de facto appellate court for anonymous academic misconduct cases." Id.  On balance, I conclude that this factor weighs in the plaintiff's favor.  While state university disciplinary proceedings may implicate the Due Process Clause and give rise to a cause of action under 42 U.S.C. § 1983, procedural due process claims can be costly to pursue (both in time and resources) and difficult to prove.[3]  See, e.g., Butler v. Rector & Bd. of Visitors of the College of William & Mary, 121 F. App'x 515, 520 (4th Cir. 2005) (affirming the dismissal of a student's procedural due process claim); Tigrett v. Rector & Visitors of the Univ. of Va., 290 F.3d 620, 630

---

[3] I express no opinion on the merits of the plaintiff's due process claim.

(4th Cir. 2002) (affirming the entry of summary judgment on the students' procedural due process claim). Accordingly, I find Virginia Tech's "floodgates" argument unconvincing.

In addition to the factors identified in Jacobson, the plaintiff argues that another important factor to consider is whether denying his motion to proceed under a pseudonym would effectively preclude him from obtaining complete relief in the event that he prevails on his due process claim. The plaintiff submits that if he is not allowed to use a pseudonym, then even if he establishes a due process violation, "he would still suffer the effects of the original, failing 'F' grade . . . , as it would be published in the court record and online in any news coverage of the case." Pl.'s Br. 2; see also Doe v. Alger, 317 F.R.D. 37, 42 (W.D. Va. 2016) (finding a similar argument persuasive in a case involving allegations of sexual misconduct). This argument is unpersuasive under the facts of this case. The same concerns regarding "public embarrassment and exposure to negative publicity" were raised—and rejected— in other cases arising from allegations of cheating and dishonesty in the academic context. CFA Inst., 42 F. Supp. 3d at 808 (citation and internal quotation marks omitted); see also Univ. of Akron, 2016 U.S. Dist. LEXIS 192433, at *10; Doe v. Trinity Coll., No. FSTCV175016597S, 2017 Conn. Super. LEXIS 5191, at *3 (Conn. Super. Ct. Dec. 26, 2017). The fact that the plaintiff may suffer embarrassment or reputational harm from being publicly associated with this particular action, regardless of whether he ultimately prevails, does not counsel in favor of allowing him to proceed anonymously. See Doe v. Vill. of Deerfield, 819 F.3d 372, 377 (7th Cir. 2016) (holding that the plaintiff's reasons for wanting to pursue his malicious prosecution claim anonymously—"that having to proceed under his true name would defeat the purpose of his criminal expungement and any resulting embarrassment he might feel"—did not "justify[ the] use of a fictitious name in a civil suit he voluntarily filed"); see also K.W. Holtzapple, 299 F.R.D. 439, 441 (M.D. Pa. 2014) (finding unpersuasive the students'

argument that "news media outlets may discuss the story, which will then live in perpetuity through web searches on the internet").

In sum, the only factor that weighs in the plaintiff's favor is the fact that Virginia Tech would not be prejudiced in defending this case if the plaintiff proceeded under a pseudonym. That consideration, standing alone, is insufficient to outweigh the longstanding presumption in favor of open judicial proceedings. See Univ. of Akron, 2016 U.S. Dist. LEXIS 192433, at *7.

### III. CONCLUSION

This case does not present the extraordinary circumstances necessary to justify permitting a party to litigate anonymously. Accordingly, the plaintiff's motion for leave to proceed under a pseudonym is **DENIED**.

This case shall remain styled under the name of John Doe for thirty (30) days to allow the plaintiff to appeal this decision and/or determine whether to proceed under his actual name. See Jacobson, 6 F.3d at 238 (holding that an order denying the plaintiff's motion to proceed anonymously is appealable under the collateral order doctrine). After thirty-days from entry of this opinion and order, if no appeal has been noted and if the plaintiff intends to proceed, he must file an amended complaint substituting his actual name for John Doe. Otherwise I will grant Virginia Tech's motion to dismiss under Rule 10(a).

Enter: April 2, 2018

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge