IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| MATTHEW JACOB BYERLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 7:18-cv-00016 |
| ) | |
| ) | |
| VIRGINIA POLYTECHNIC INSTITUTE ) | |
| AND STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S BRIEF IN SUPPORT OF**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Virginia Polytechnic Institute and State University ("Virginia Tech" or "University"), by counsel, submits the following brief in support of its Motion to Dismiss the First Amended Complaint ("Complaint") filed by Plaintiff, Matthew Jacob Byerly ("Mr. Byerly" or "Plaintiff") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I.   INTRODUCTION

Plaintiff's Complaint attempts to set forth one claim: that he was denied due process because he could not confront his accuser. The present Motion to Dismiss seeks dismissal of the case. Plaintiff's alleged violation fails to state an actual claim as not only did Plaintiff confront his accuser—which is not a due process guarantee in an academic setting—but Plaintiff also received far more process than contemplated under the Due Process Clause.

Furthermore, Plaintiff has failed to name a "person" under 42 U.S.C. § 1983. The only named party, Virginia Tech, is entitled to Eleventh Amendment immunity. For these reasons, the Complaint must be dismissed.

## II. STATEMENT OF FACTS

Accepting for purposes of this Motion the facts alleged in Plaintiff's Complaint as true, Plaintiff Matthew Byerly was accused of cheating during a final examination in his Epidemiological Concepts of Health and Disease course. Compl. ¶ 13–14. During the exam, another student noticed the alleged cheating and brought it to the attention of Dr. Pamela Ray ("Dr. Ray"), the instructor for the course. Compl. ¶ 14. After observing the suspicious behavior herself, Dr. Ray reported the cheating to the Office of Undergraduate Academic Integrity at Virginia Tech for a violation of the honor code. Compl. ¶ 17; Ex. A at 2–3, 18.

On February 17, 2017, Plaintiff was sent notice of the hearing on the cheating accusation which included a description of the charge against him, the name of the accuser, and the witnesses expected to appear against him. Ex. C. On February 24, 2017, a hearing before the honor panel took place where the panel heard from Dr. Ray and the Plaintiff presented his side of the story. Compl. ¶ 23–26. The Plaintiff also presented a witness statement on his behalf. Compl. ¶ 25.

After taking into account all the testimony and evidence, the honor panel found against the Plaintiff. Compl. ¶ 29. The honor panel imposed the sanction of an "F*" on his transcript, with the option of receiving an "F" after completing certain requirements, which the Plaintiff ultimately completed.[1] Ex. B. Plaintiff appealed the decision of the hearing panel, but his appeal was ultimately denied. Compl. ¶ 30.

### STANDARDS OF REVIEW

A. DISMISSAL UNDER FED. R. CIV. P. 12(B)(1)

---

[1] The amended Complaint describes this in reverse at paragraphs 30 and 31, alleging that Plaintiff has an "F*" on his transcript, despite being described correctly in Plaintiff's original complaint. Plaintiff's academic transcript is submitted to clarify that the grade listed is an "F" and not an "F*".

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. In reviewing a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court assumes that all factual allegations in the complaint are true if it is contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). However, if the factual basis for jurisdiction is challenged, the plaintiff has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To determine whether subject matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, *Adams*, 697 F.2d at 1219, or whatever other evidence has been submitted on the issues, *GTE South Inc. v. Morrison*, 957 F.Supp. 800, 803 (E.D. Va. 1997). A party moving for dismissal for lack of subject matter jurisdiction should prevail only if material jurisdictional facts are not in dispute and the moving party is entitled to prevail as matter of law. *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768.

B.  DISMISSAL UNDER FED. R. CIV. P. 12(B)(6)

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Specifically, "[t]he function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint." *Allen v. Coll. of William & Mary*, 245 F. Supp. 2d 777, 783 (E.D. Va. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)). "[D]ismissal is appropriate if it appears that the plaintiff is not 'entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.'" *Id*. (quoting *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)). Importantly, a court "need not

3
Case 7:18-cv-00016-RSB   Document 21   Filed 05/11/18   Page 3 of 12   Pageid#: 69

accept as true mere legal conclusions couched as factual allegations." *Assa'ad-Faltas v. Commonwealth*, 738 F. Supp. 982, 985 (E.D. Va. 1989).

"To survive a motion to dismiss pursuant to Rule 12(b)(6), plaintiff's '[f]actual allegations must be enough to raise a right to relief above the speculative level, thereby nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, district courts must examine the complaint to determine whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

> The Supreme Court of the United States has explained that,
>
> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true.

*Twombly*, 550 U.S. at 555 (citations omitted). Thus, a complaint must provide a defendant more than mere "notice" of those claims that a plaintiff may bring against it:

> Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id*. at 554 n.3 (citing 5 Wright & Miller § 1202, at 94, 95 ("Rule 8(a) 'contemplates the statement of circumstances, occurrences and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it.'")).

C.      CONSIDERATION OF EXHIBITS UNDER FED. R. CIV. P. 12(B)(6)

Defendant includes in this Motion documents relevant to the events referenced in the Complaint that are not in dispute, and which should be considered by this Court in ruling on this Motion. The documents include the Plaintiff's official transcript (Ex. B), official notice of the hearing (Ex. C), and the hearing transcript (Ex. A). These documents are referred to or are a pertinent document related to the allegations in the Complaint. "When a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment." *Gasner v. County Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995); *see also Davis v. George Mason Univ.*, 395 F. Supp. 2d 331, 335 (E.D. Va. 2005), *aff'd*, 193 F. App'x 248 (4th Cir. 2006) (allowing a letter from the university referenced in the complaint). A document attached by the defendant can be considered in determining a Rule 12(b)(6) motion if the document was integral to and relied on in the complaint and its authenticity is not challenged. *Smith v. Virginia Military Inst.*, No. 6:09-CV-00053, 2010 WL 2132240, at *1 (W.D. Va. May 27, 2010) (unpublished) (quoting *Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234 (4th Cir. 2004). This includes "not only documents quoted, relied upon, or incorporated by reference in the complaint, but also official public records pertinent to the [plaintiff's] claims." *Davis*, 395 F. Supp. 2d at 335 (citing *Gasner*, 162 F.R.D. at 282 (internal quotations omitted).

## III. ARGUMENT

A. PLAINTIFF'S CLAIM AGAINST VIRGINIA TECH MUST BE DISMISSED UNDER RULE 12(B)(1) BECAUSE VIRGINIA TECH IS NOT A "PERSON" UNDER 42 U.S.C. § 1983 AND AS AN ARM OF THE STATE IS ENTITLED TO ELEVENTH AMENDMENT IMMUNITY.

A claim brought pursuant to 42 U.S.C. § 1983 requires the deprivation of a civil right by a "person" acting under color of state law. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Virginia Tech is not a "person" amenable to suit under § 1983. "It is now well-settled that a state cannot be sued under Section 1983." *Id.* Virginia Tech, as a state agency, is not a "person" within the meaning of § 1983. *See id.* at 71.

Likewise, Virginia Tech is designated by statute as a corporation under the control of the General Assembly. Va. Code Ann. § 23.1-2600 (2016). By statute, Virginia Tech's status is the same as any other state agency. *See Carboni v. Meldrum*, 949 F. Supp. 427, 433 (W.D. Va. 1996), *aff'd*, 103 F.3d 116 (4th Cir. 1996) (Virginia Tech is an arm of the state); *Collin v. Rector & Bd. of Visitors of the Univ. of Va.*, 873 F. Supp. 1008, 1013 (W.D. Va. 2005) (Board of Visitors at UVA same as other state agencies). As an agency of the Commonwealth, Virginia Tech enjoys Eleventh Amendment immunity from suit in federal court. *See Carboni*, 949 F. Supp. at 433 (Virginia Tech is entitled to Eleventh Amendment immunity). Therefore, just as the Commonwealth is immune from suit pursuant to the Eleventh Amendment, Virginia Tech as a corporate entity is immune from suit and the claims against it should be dismissed. Accordingly, Plaintiff's § 1983 claim against Virginia Tech must be dismissed *with prejudice* as a matter of law pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

B. PLAINTIFF'S CLAIM AGAINST VIRGINIA TECH MUST BE DISMISSED UNDER RULE 12(B)(6) BECAUSE PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983.

1. *The Complaint should be dismissed because Plaintiff fails to allege a constitutionally protected liberty or property interest*

"[T]he first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Tigrett v. Rector & Visitors of Univ. of Virginia*, 290 F.3d 620, 628–29 (4th Cir. 2002) (quoting *American Mfr's Mut'l Ins. Co. v. Sullivan,* 526 U.S. 40, 59 (1999)). A deprivation of constitutional rights is not based "upon the subjective feelings or beliefs of a plaintiff." *Id*. Instead, when determining if a constitutional deprivation has occurred "a plaintiff must have been, in fact, deprived of a constitutionally protected liberty or property interest." *Id*.

While the Supreme Court has "assumed without deciding" that students have a liberty or property interest in their continued enrollment when facing suspension or expulsion, the Court has never extended such an assumption to receiving a failing grade. *See Brown v. Rectors & Visitors of Univ. of Virginia*, 361 F. App'x 531, 532 (4th Cir. 2010) (unpublished) (citing *Regents of Univ. of Mich. v. Ewing,* 474 U.S. 214, 222–23 (1985) (assuming the existence of a protected property interest in student's continued enrollment); *Bd. of Curators, Univ. of Mo. v. Horowitz*, 435 U.S. 78, 84–85 (1978) (assuming existence of dismissed student's liberty or property interests); *see also Tigrett*, 290 F.3d at 627 (noting assumption)).

While the Western District of Virginia has similarly assumed without deciding a liberty or property interest exists in a student's continued enrollment, the Eastern District "*has conclusively ruled*" that a property interest does not exist. *Abbas v. Woleben*, No. 3:13CV147, 2013 WL 5295672, at *7 (E.D. Va. Sept. 19, 2013) (emphasis in original) (unpublished); *see also Nofsinger v. Virginia Commonwealth Univ.*, No. 3:12-CV-236, 2012 WL 2878608, at *6 (E.D. Va. July 13, 2012) (unpublished), *aff'd*, 523 F. App'x 204 (4th Cir. 2013) (finding that the student "must point to some Virginia statute or rule showing that she has a 'legitimate claim of

entitlement' to her continued enrollment in the graduate school program"); *Davis*, 395 F. Supp. 2d at 336 ("Without [an] underlying state created property interest, Plaintiff does not state a claim for violations of procedural or substantive due process.").

Plaintiff's assertion that he has a constitutionally protected property interest merely because he purchased credits does not constitute a legitimate claim of entitlement conveyed by the state under Virginia law. Compl. ¶ 38; *see Horowitz*, 435 U.S. 78, 82 (1978) (citing *Perry v. Sindermann,* 408 U.S. 593, 599–603 (1972)) ("property interests are creatures of state law").

Likewise, Plaintiff's alleged liberty interest in his "good name, reputation and integrity" do not rise to the level of a liberty interest protected by the Due Process Clause. Compl. ¶ 39 "[T]he Court has plainly and repeatedly recognized that an injury to reputation alone does not deprive an individual of a constitutionally protected liberty interest." *Tigrett*, 290 F.3d at 628–29 (citing *Siegert v. Gilley,* 500 U.S. 226, 233 (1991) (stating that "injury to reputation by itself [i]s not a 'liberty' interest protected under the Fourteenth Amendment")).

2. *Assuming,* arguendo*, that the Complaint established a liberty or property interest, Plaintiff received more process than was due and fails to allege that he did not receive the minimum Due Process requirements of notice and an opportunity to heard.*

Plaintiff's Complaint establishes that he received notice and an opportunity to be heard. The attached notice of the hearing also establishes that his accuser was Dr. Ray. The Due Process clause requires that a deprivation of life, liberty or property be preceded by notice and an opportunity to be heard. *Goss v. Lopez*, 419 U.S. 565, 579 (1975). In *Goss*, the Court instructed that students facing suspension "must be given some kind of notice and afforded some kind of hearing." 419 U.S. 565, 579 (1975). However, in *Horowitz*, when addressing discipline in the academic context, the Court provided that "[t]his difference calls for far less stringent procedural requirements." 435 U.S. at 85–86 (finding no due process violation when a medical student was

dismissed without a formal hearing); *see also Corso v. Creighton Univ.*, 731 F.2d 529, 532 (8th Cir. 1984) (finding "[c]heating on exams is clearly an academic matter").

Both the Supreme Court and the Fourth Circuit have recognized that these procedures "fall short of the stringent protections afforded the criminal defendant," and "due process may be satisfied by something less than a trial-like proceeding." *Henson v. Honor Comm. of U. Va.*, 719 F.2d 69, 73–74 (4th Cir. 1983) (referencing *Goss*, 419 U.S. at 565). "The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation." *Henson*, 719 F.2d at 73–74 (citing *Horowitz*, 435 U.S. at 102).

In the instant case, Plaintiff fails to allege in his complaint that he did not receive minimum due process. Presumably, this is because the Complaint provides that the Plaintiff not only received adequate due process under *Goss* and *Horowitz,* but received far more process than was due. The Plaintiff received advance notice of the hearing which included the charge against him, the name of the accuser, and the witnesses expected to appear against him. Ex. C. At the hearing, the Plaintiff had the opportunity to present his side of the story. Compl. ¶ 23, 25. He had the ability to present witness statements on his behalf. Compl. ¶ 25. Finally, the Plaintiff had the ability to appeal the decision of the hearing panel. Compl. ¶ 30. *See Henson*, 719 F.2d at 74 (finding sufficient due process where plaintiff had adequate notice of the charges against him, the opportunity to be heard, was confronted by his accusers and given an appeal).

The only due process violation alleged in the Complaint is that Virginia Tech did not identify the accuser and that the Plaintiff did not have the ability to "confront and question his accuser." Compl. ¶ 42. Notwithstanding the fact that the Plaintiff received more process than what is contemplated by the Due Process Clause, this alleged violation must fail for two additional reasons. First, the right to confront an accuser is not a Fourteenth Amendment due process

9

guarantee, and second, assuming *arguendo* that it is, the Plaintiff did, in fact, confront his accuser, Dr. Ray. Ex. A; Ex. C; Compl. ¶ 23, 25–26.

In facts strikingly similar to the instant case, the Eastern District of Michigan explained:

> Plaintiff next argues that he was deprived his due process right to cross-examine his accuser. Plaintiff argues that his real accuser was not Prof. Rothman, but the anonymous student who called Rothman and claimed to have seen plaintiff attach his cover sheet to another student's exam. I disagree with plaintiff that his real accuser was the anonymous student. It was in Prof. Rothman's class that plaintiff cheated, and it was Rothman who determined that plaintiff's cover sheet was attached to another student's exam. The fact that Rothman undertook his investigation based on an anonymous phone call does not alter his status as plaintiff's accuser. Plaintiff, moreover, again misconstrues the nature of a school disciplinary proceeding. The Constitution does not confer on plaintiff the right to cross-examine his accuser in a school disciplinary proceeding.

*Jaksa v. Regents of Univ. of Michigan*, 597 F. Supp. 1245, 1252–53 (E.D. Mich. 1984), *aff'd,* 787 F.2d 590 (6th Cir. 1986).

Plaintiff's allegations that he did not receive due process fail as a matter of law. As he alleges in his Complaint, he received notice and a meaningful opportunity to be heard, he provided a witness statement on his behalf and he was able to appeal the hearing panel outcomes, all of which clearly demonstrate that Plaintiff received sufficient due process. Accordingly, Plaintiff fails to state a claim under § 1983 and Defendant's Motion to Dismiss should be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV.     CONCLUSION

For the abovementioned reasons, Defendant respectfully request that their Motion to Dismiss be granted, and that such relief be granted as the Court deems just and appropriate.

Respectfully submitted,

                        VIRGINIA POLYTECHNIC INSTITUTE
                        AND STATE UNIVERSITY

        By:        s/ Kristina J. Hartman
                  Counsel for Defendant

                        Kay Heidbreder (VSB No.: 22288)
                        University Legal Counsel and
                        Senior Assistant Attorney General
                        heidbred@vt.edu

                        M. Hudson McClanahan (VSB No.: 46363)
                        Associate University Legal Counsel and
                        Assistant Attorney General
                        hud3@vt.edu

                        Kristina J. Hartman (VSB No.: 92279)
                        Associate University Legal Counsel and
                        Assistant Attorney General
                        kjhart06@vt.edu

                        University Legal Counsel (0121)
                        Burruss Hall, Suite 236, Virginia Tech
                        800 Drillfield Drive
                        Blacksburg, VA   24060
                        Phone: (540) 231-6293
                        Fax: (540) 231-6474

# CERTIFICATE OF SERVICE

I hereby certify that, on this 11th day of May, 2018, the foregoing **DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS** was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF), to the following:

    Robert E. Dean, Esq.
    ROB DEAN LAW
    401 Campbell Avenue, Suite 302
    Roanoke, VA 24016
    *Counsel for Plaintiff*

    By:   s/ Kristina J. Hartman
        Counsel for Defendant